tiff has no claim or merit as an inventor, but is the mere assignee of a patented machine, the right to which he has purchased on speculation. The law under such circumstances will give him the actual damages which the evidence shows he has sustained, but will give him nothing more. The motion is overruled.

SCHWEDLER (STRUVE v.). See Case No. 13,551.

SCIENCE. The (UNITED STATES v.). See Cases Nos. 16,238 and 16,239.

## Case No. 12,507.

### The SCIOTA.

[See Case No. 16,240.]

## Case No. 12,508.

### The SCIOTO.

[2 Ware (Dav. 359) 360;[1] 5 N. Y. Leg. Obs. 442; 11 Law Rep. 16.]

District Court, D. Maine. Dec., 1847.

COLLISION—VESSEL AT ANCHOR—PRESUMPTION OF FAULT—ENTERING HARBOR—LOOKOUT— LIGHTS—DIVIDED DAMAGES.

1. When a collision takes place between a vessel under sail and one at anchor, the prima facie presumption, if there be any fault, is that it is on the vessel under sail.

[Cited in Saunders v. The Hanover, Case No. 12,374.]

2. A vessel entering a harbor is bound to keep the most vigilant watch to avoid collision with other vessels in motion or lying at anchor; and if in the night time she ought to have her whole crew on deck on the lookout.

[Cited in Nelson v. The Goliah, Case No. 10,106; The Lady Franklin, Id. 7,984. Distinguished in The J. W. Everman, Id. 7,591.]

3. When a collision takes place by the fault of one of the vessels, she is responsible for all the damage.

[Cited in Knowlton v. Sanford, 32 Me. 157.]

4. But if it happens without fault in either party, or if there was fault and it cannot be ascertained which vessel was in fault, or if both were in fault, then the damage and loss are divided between them in equal shares.

[Cited in The Bay State, Case No. 1,148; Lucas v. The Thomas Swann. Id. 8,588; The J. W. Everman, Id. 7,591; The Atlas, Id. 633.]

5. A vessel ought not to be moored and lie in the channel, or entrance to a port, except in cases of necessity; or, if anchored there from necessity she ought not to remain there longer than the necessity continues. If she does and a collision takes place with a vessel entering the harbor, she will be considered in fault.

[Cited in Amoskeag Manuf'g Co. v. The John Adams, Case No. 338; The Chauncey M. Depew. 59 Fed. 794.]

[Cited in Lambert v. Staten Island R. Co., 70 N. Y. 108.]

6. A vessel lying in the channel of a port, from necessity, is bound in the night time to show a light.

[Cited in Lenox v. Winisimmet Co., Case No. 8,248; Jones v. The Hanover, Id. 7,466.]

[1] [Reported by Edward H. Daveis, Esq.]

7. In cases of collision, a fault of one vessel will not excuse any want of care, diligence, and skill in another, so as to exempt her from sharing the loss and damage.

This was a case of collision occurring in the harbor of Portland, between the Scioto, as she was entering the harbor, and the Falcon lying at anchor.

Haines, Dist. Atty., for libellant.
Mr. Shepley, for respondent.

WARE, District Judge. The Scioto, on the evening of the 15th of December, being on her passage from Calais to Boston, deeply laden with a cargo of lumber, in consequence of the threatening aspect of the weather, put into the harbor of Portland. The wind was from the N. N. E., so that she could not lay her course into the harbor, but was obliged to beat in. Two other vessels were entering at the same time. As they entered, the Scioto put in upon one tack, as the other two did on the other, and each tacking at the same time, they passed each other in the channel. After making three or four tacks, the Scioto. in her passage from the eastern to the western side, came in collision with the Falcon lying at anchor about 40 rods north-west of the block-house, on House Island, where she had been lying for a week. This was about one o'clock in the morning. The moon was then just setting, the sky moderately. but not heavily overcast; some of the witnesses say that stars were visible, and others that they were not. During the first part of the night. there were flying clouds sometimes obscuring the moon and sometimes leaving it bright, but in the latter part, the clouds became more dense and heavy. Still it was light enough to see objects at considerable distance which were broad off on the water, unless land lay behind, so that the shade of the vessel was melted into that of the land beyond. It was in such a position that the Falcon lay when seen from a vessel entering the harbor, the high land of the town covering her hull. She lay also in the channel or passage way, not precisely in the track of a vessel entering the harbor with a fair wind. but within the range taken by vessels beating in, and very nearly in the track of a vessel going into Hog Island roads; and she showed no light.

In the case of a collision of vessels by which damage is done, the first rule, a rule dictated by natural justice, is that the vessel, by whose fault the collision took place, shall be answerable for all the damage. The first inquiry, therefore, is, by whose fault this collision was occasioned. It may be assumed as a general rule, that when a collision takes place between a vessel under sail and one not under sail, the prima facie presumption is that the fault is imputable to the vessel that is in motion. It is said in Jacobson's Sea Laws, p. 339, generally and without limitation, that when a vessel in full sail occasions damage to one that has no sail set, she